

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**FILED**

JAN 2 5 2007

U.S. DISTRICT COURT
BAY CITY, MICHIGAN

AMY WIESENAUER,

    Plaintiff,

v.

VISITING NURSE SERVICES
OF MICHIGAN.

    Defendant.

_____/

File No. 07     **07-10397**

Hon. **JUDGE THOMAS L. LUDINGTON**

**MAGISTRATE JUDGE
CHARLES E. BINDER**

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. ANAGNOST (P62597)
Attorney for Plaintiff
1024 N. Michigan Ave. P.O. Box 3197
Saginaw, MI 48605-3197
(989) 752-1414

_____/

There is no other pending or resolved civil action arising our of the transaction or occurrence alleged in this Complaint

## COMPLAINT, DEMAND FOR JURY TRIAL AND PRETRIAL CONFERENCE

    NOW COMES the Plaintiff, AMY WIESENAUER, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against the Defendant, stating more fully as follows:

## COMMON ALLEGATIONS

1. That at all times material hereto, Plaintiff is a resident of the County of Bay, State of Michigan.

2. That upon information and belief, Defendant Visiting Nurses Services of Michigan is a Michigan Corporation, doing business in the County of Bay, State of Michigan.

3. That the amount in controversy exceeds the sum of $75,000.00 exclusive of costs, interest and attorney fees.

4. That this Court has jurisdiction of this cause of action pursuant to 28 USC § 1331 and supplemental jurisdiction pursuant to 28 USC § 1367.

5. That Defendant, at all times material hereto, was Plaintiff's employer as defined under federal and state statute.

6. That Plaintiff was hired by Defendant on February 19, 2001 as a registered nurse case manager for hospice at Defendant's Bay City Location.

7. That in the spring of 2005, Plaintiff began experiencing severe stress and depression stemming from the "on-call" nature of her job and took approved FMLA leave for approximately 7 days on or about April 7, 2005.

8. That Barry Binkley, M.D., Plaintiff's treating psychologist, authored the McLaren Home Care Health Certification for Time Off from Work on April 13, 2005 and concluded that Plaintiff's ability to perform her job was "to be determined by ongoing assessment," that her type of mental disorder would "need to be followed

indefinitely" and that the duration of her condition was "undetermined." See Health Certification for Time Off from Work, **Ex. A.**

9. That upon her return, Plaintiff was once again depressed and experiencing stress due to the "on-call" requirements of her job and returned to Dr. Binkley who placed her on certain work restrictions including no overtime, no "on-call" and no weekends from April 14, 2005 to June 4, 2005.

10. That on May 9, 2005, Debra Pratt-Schaefer, Bay Regional Medical Center EAP Manager, recommended to Jodi Methner of Defendant's Human Resources department that Plaintiff return to work with the restrictions recommended by Dr. Binkley.

11. That Defendant, dissatisfied with the recommended work restrictions, required Plaintiff to undergo an Independent Medical Exam by Jarrett Shroeder, M.D. on May 27, 2005, who concluded that Plaintiff could work without restrictions.

12. That on June 6, 2005, Dr. Binkley sent a letter to Defendant recommending that Plaintiff should continue with the work restrictions he had previously recommended.

13. That Defendant then requested that an FMLA examination be performed by Saul Forman, M.D.

14. That such FMLA examination was performed on August 29, 2005 by Dr. Forman who concluded that Plaintiff was capable of performing her job duties, but that she

was not to work more than 40 hours per week and was a candidate for FMLA leave.

15. That Defendant, unhappy with this result, requested that Dr. Forman make an addendum to his report which he did on August 31, 2005.

16. This addendum states that Plaintiff was able to be "on-call" as long as she was not required to work more than 40 hours per week for the following two months, despite the fact that the "on-call" nature of Plaintiff's job caused her stress and depression.

17. This addendum did not change the fact that Dr. Forman believed Plaintiff was a candidate for FMLA leave.

18. That on September 2, 2005, Plaintiff met with Eric Fieldbrandt and Jodi Methner of McLaren's Human Resources department who informed Plaintiff that the she would not be allowed to take any FMLA leave with the 40 hour work week restriction in effect.

19. That Defendant refused to allow Plaintiff to take FMLA leave despite the fact that it had previously approved Plaintiff's FMLA leave based on Dr. Binkley's statement that her condition was of an ongoing nature as described in detail above. See Health Certification for Time Off From Work, **Ex. A.**

20. That this September 2, 2005 meeting caused Plaintiff severe stress and she left work early that day with her supervisor's approval.

21. That upon Plaintiff's return to work on September 7, 2005, she was placed on unpaid suspension for "abandoning her patients" on September 2, 2005, despite the fact that her supervisor had approved her leaving early that day.

22. That as evidence of her employer's animosity towards Plaintiff's medical condition, subsequent to her suspension, Philip Espinosa of McLaren's Human Resources department made the statement that Plaintiff was "too unstable to be at a patient's bedside" despite the fact that Dr. Forman had recently concluded that Plaintiff was able to perform her job duties.

23. That as of the date of the filing of this complaint, Plaintiff is still on unpaid suspension.

24. That at all times material hereto Plaintiff is a member of a protected class by virtue of her medical condition, described more fully above, which is a disability as defined by the Michigan Persons with Disabilities Civil Rights Act, found at MCL § 37.1101 *et. seq.* (hereinafter MPDCRA).

25. That furthermore, because Defendant "regarded" the Plaintiff as having "a determinable physical or mental characteristic" described in MCL § 37.1103(d), Plaintiff has a "disability" as defined by MCL § 37.1103(d)(iii).

26. That Defendant did discriminate against the Plaintiff by placing her on unpaid suspension in violation of the terms and conditions of the MPDCRA.

27. That at all times material hereto Defendant is guilty of discrimination based on the Plaintiff's disability and the fact that Defendant perceived her to be disabled. MCL § 37.1103(d).

28. That Defendant also violated the MPDCRA by failing to accommodate the disabled Plaintiff as required by MCL 37.1102(2).

29. That Defendant is unable to demonstrate that the requested accommodations would impose an undue hardship.

30. That Plaintiff claims violations of the FMLA due the fact that Defendant interfered with her rights under the act by refusing to grant her request for FMLA leave despite the fact hat such leave had previously been approved.

31. Defendant further violated Plaintiff's rights under FMLA by placing her on unpaid suspension in retaliation for her attempts to exercise her rights under the FMLA.

## COUNT I

## VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

32. That the Plaintiff hereby incorporates paragraphs 1 through 31 of her Common Allegations word for word and paragraph by paragraph as if restated herein.

33. That as already stated, Plaintiff is a member of a protected class by virtue of her medical condition, having suffered from severe stress and depression, and that Defendant was well aware that she had this condition and that she is protected by the MPDCRA.

THE MASTROMARCO FIRM  1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, MI 48605-3197  (989) 752-1414

34. That Plaintiff's medical condition was a factor in her treatment and indefinite unpaid suspension by the Defendant.

35. That the MPDCRA provides that an employer shall not discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of his job. MCL § 37.1202 (1)(b).

36. That the Defendant did affect the terms and conditions of Plaintiff's employment by suspending her without pay because of her disability and/or the fact that Defendant did regard her as being disabled and did violate the MPDCRA. MCL § 37.1202(1)(b).

37. That Plaintiff suffered from severe stress and depression which substantially limited one or more of her major life activities thus meeting the definition of a disability as set forth in MCL § 37.1103 (e)(i)(A).

38. That, in the alternative, and if it is determined that Plaintiff's severe stress and depression does not limit one or more of her major life activities, the fact that Defendant <u>regarded</u> her as being disabled satisfies the requirements of MCL § 37.1103 (e)(iii).

39. That Defendant also violated the MPDCRA by failing to accommodate the disabled Plaintiff as required by MCL 37.1102(2).

40. That Defendant is unable to demonstrate that the requested accommodations would impose an undue hardship.

41. That Defendant's actions in suspending Plaintiff without pay and failing to accommodate Plaintiff was based upon her medical condition and has proximately caused the Plaintiff to suffer back pay, future pay, future raises and all other benefits provided, and also caused her to suffer severe mental anguish, as well as humiliation and embarrassment, that has further exacerbated her stress and depression.

42. That Plaintiff prays this Court enters an award of attorney's fees against the Defendant.

## COUNT II
## VIOLATIONS OF THE FMLA

43. That the Plaintiff, hereby incorporates paragraphs 1 through 31 of her Common Allegations and 32 through 42 of Count I as if restated herein.

44. That Defendant did interfere with Plaintiff's rights under FMLA and retaliate against the Plaintiff for requesting FMLA leave by denying such request and ultimately suspending her without pay in violation of the FMLA.

45. That the FMLA allows an employee to take a total of twelve (12) workweeks of leave during any 12-month period "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

THE MASTROMARCO FIRM  1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, MI 48605-3197  (989) 752-1414

46. That the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615(a)(1).

47. That an FMLA Examination, requested by Defendant and performed by Dr. Forman, concluded that Plaintiff should be placed on restrictions and that Plaintiff was eligible for FMLA leave.

48. That Defendant was unhappy with this diagnosis and requested that Dr. Forman make an addendum to his report.

49. That Dr. Forman did in fact make an addendum allowing Plaintiff to be "on-call" despite the fact that this aspect of Plaintiff's employment caused her stress and depression.

50. That even after Defendant required the addendum to be included in Dr. Forman's opinion, Dr. Forman still believed Plaintiff was eligible for FMLA.

51. That Defendant interfered with Plaintiff's rights under the FMLA by refusing to grant FMLA leave to Plaintiff despite the fact that Defendant had previously approved this leave.

52. That in response and in retaliation for seeking FMLA benefits, Plaintiff was placed on unpaid suspension.

53. That the reasons given for Plaintiff's unpaid suspension are pretextual as Plaintiff's supervisor approved Plaintiff's early leave.

THE MASTROMARCO FIRM 1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, MI 48605-3197 (989) 752-1414

54. That Defendant's unlawful action in violation of the FMLA caused the Plaintiff to lose her job, back pay, future pay, future raises, and all other benefits provided and further forced her to suffer mental anguish damages, and a severe disruption of her lifestyle.

WHEREFORE, Plaintiff, Amy Wiesenauer, prays for Judgment against the Defendant, in an amount in excess of this Court's jurisdictional limits, and in whatever amount the jury feels just and proper based on the facts, damages and evidence presented together with any and all attorney fees, costs and sanctions or exemplary damages as allowed by law.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: 1-24, 2007.

By: /s/ Victor J. Mastromarco, Jr.
VICTOR J. MASTROMARCO, JR. [P34564]
Attorneys for Plaintiff
1024 North Michigan Avenue
P.O. Box 3197
Saginaw, Michigan 48605-3197
(989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES, the Plaintiff, AMY WIESENAUER, by and through her attorneys, THE MASROMARCO FIRM, and hereby demands a trial by jury of all issues in this cause of action unless expressly waived.

Respectfully Submitted,

THE MASTROMARCO FIRM

DATED: /-24, 2007

VICTOR J. MASTROMARCO, JR.
Attorneys for Plaintiff
1024 N. Michigan Ave., P.O. Box 3197
Saginaw, MI 48605-3197
(989) 752-1414

11

## DEMAND FOR PRE-TRIAL CONFERENCE

NOW COMES, the Plaintiff, AMY WIESENAUER, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a Pre-Trial Conference pursuant to Michigan Court Rules.

Respectfully Submitted,

THE MASTROMARCO FIRM

DATED: 1-24, 2007

/s/ Victor J. Mastromarco, Jr.
VICTOR J. MASTROMARCO, JR.
Attorneys for Plaintiff
1024 N. Michigan Ave., P.O. Box 3197
Saginaw, MI 48605-3197
(989) 752-1414

# McLAREN
## HOME CARE

### Health Certification for Time Off from Work

| 1. Employee's Name | 2. Patient's Name (If different from employee) |
|---|---|
| Amy WIESENAUER | same |

3. The attached sheet describes what is meant by a "**serious health condition**" under the Family and Medical Leave Act. Does the patient's condition¹ qualify under any of the categories described? If so, please check the applicable category.

(1) ____  (2) ✓  (3) ____  (4) ____  (5) ____  (6) ____, or None of the above ____

4. Describe the **medical facts** which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories: severe depression, suicidal ideation, hx voluntary, insomnia, loss of appetite, agitation and anxiety, fatigue, can't concentrate.

5. a. State the approximate **date** the condition commenced, and the probably **duration** of the condition (and also the probable duration of the patient's present **incapacity**² if different): 9-30-4 - Can be stabilized and controlled but is a medical type mental disorder which will need to be followed indefinitely.

b. Will it be necessary for the employee to take work **only intermittently** or to work on **a less than full schedule** as a result of the condition (including for treatment described in item 6 below)?   ☑Yes   ☐No

If yes, give the probable duration: Undetermined

c. If the condition is a **chronic condition** (condition #4) or pregnancy, state whether the patient is presently incapacitated² and the likely duration and frequency of **episodes of incapacity**²: to be determined by ongoing assessment

6. a. If additional **treatments** will be required for the condition, provide an estimate of the probable number of such treatments:

If the patient will be absent from work or other daily activities because of **treatment** on an **intermittent** or **part-time** basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any: unknown

b. If any of these treatments will be provided by **another provider of health services** (e.g. physical therapist), please state the nature of the treatments: Psychotherapy

---

¹ Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

² "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

MM-3236 Page 1 of 3 (5/00)

PLAINTIFF'S EXHIBIT A

c. **If a regimen of continuing treatment by the patient is required under your supervision, provide a general description** (e.g., prescription drugs, physical therapy requiring special equipment):

_Med Management_
_Psychotherapy_

7. a. If medical leave is required for the employee's **absence from work because of the employee's own condition** (including absences due to pregnancy or a chronic condition), is the employee **unable to perform work** of any kind?   ☐ Yes   ☐ No

   b. If able to perform some work, is the employee unable to perform any one of more of the essential functions of the employee's **job** (the employee or the employer should supply you with information about the essential job functions)?   ☐ Yes   ☐ No   If yes, please list the essential functions the employee is unable to perform:

   c. If neither a. nor b. applies, is it necessary for the employee to be **absent from work** for treatment?   _sometimes_   ☐ Yes   ☐ No

8. a. If leave is required to **care for a family member** of the employee with a serious health condition, **does the patient require assistance** for basic medical or personal needs or safety, or for transportation?   ☐ Yes   ☐ No

   b. If no, would the employee's presence to provide **psychological comfort** be beneficial to the patient or assist in the patient's recovery?   ☐ Yes   ☐ No

   c. If the patient will need care only **intermittently** or on a part-time basis, please indicate the probable **duration** of this need:

_____   _4-13-05_   _PSYCHIATRY_
(Signature of Health Care Provider)   (Date)   (Type of Practice)

_126 WASHINGTON AVE, BAY CITY, MI_   _989-684-7977_
_48708_
(Address)   (Telephone Number)

---

**To be completed by the employee needing family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

Explanation of Care: _____

From: _____   To: _____   Other: _____

_____
(Employee Signature)   (Date)

JS 44 11/99   **CIVIL COVER SHEET**   COUNTY IN WHICH THIS ACTION AROSE: __BAY__

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
AMY WIESENAUER

### DEFENDANTS
VISITING NURSE ASSOCIATION

(b) County of Residence of First Listed   __BAY__

County of Residence of First Listed   __BAY__
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

The Mastromarco Firm
1024 N. Michigan Avenue, Saginaw, MI  48605
(989) 752-1414

Attorneys (If Known)

**MAGISTRATE JUDGE**
**CHARLES E. BINDER**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment and Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault Libel And Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

PERSONAL INJURY
- 362 Personal Injury- Med. Malpractice
- 365 Personal Injry - Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 441 Voting
- [X] 442 Employment
- 443 Housing/ Accommodations
- 444 Welfare
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
  Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21: 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC
- 460 Deportation
- 470 Racketeer Influenced & Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 (specify) Transferred from another district
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 USC § 2612 (a)(1)(D)

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$ DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  1-24-07

SIGNATURE OF ATTORNEY OF RECORD  /s/

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?     ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :