UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AMY WEISENAUER,

        Plaintiff,

v.

        Case Number 07-10397-BC
        Honorable Thomas L. Ludington

VISITING NURSE SERVICES OF MICHIGAN,

        Defendant.
_____ /

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW,
DENYING PLAINTIFF'S FIRST AND SECOND MOTIONS FOR JUDGMENT
AS A MATTER OF LAW,
DENYING PLAINTIFF'S MOTION FOR A MISTRIAL,
GRANTING DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW,
AND DISMISSING PLAINTIFF'S PWDCRA CLAIMS WITH PREJUDICE**

On June 26, 2008, a jury found Defendant Visiting Nurse Services of Michigan not liable on Plaintiff Amy Weisenauer's two claims of violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, one count based on interference and one count based on retaliation. Plaintiff had contended that Defendant, where she previously worked as a hospice nurse before Defendant placed her on suspension, had violated the FMLA in a variety of ways as she sought to avail herself of rights provided by that act, based on her psychological condition.

On July 9, 2008, Plaintiff filed a "renewed" motion for judgment as a matter of law, under Federal Rule of Civil Procedure 50. In the alternative, she requested a new trial, under Federal Rule of Civil Procedure 59.

On July 11, 2008, the Court noticed for hearing Plaintiff's renewed motion. On July 22, 2008, at the appointed time for the hearing, Plaintiff's counsel had not appeared for the hearing.

Defendant's counsel raised no objection to the Court resolving the motion on the parties' filings. Additionally, the Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

In the instant motion, Plaintiff advances essentially two arguments. She cites to the testimony of Eric Fielbrandt, one of Defendant's human resources employees. He allowed that if Debora Pratt-Schaefer's assessment functioned as the certification of a medical provider for purposes of the FMLA, then Defendant would have exceeded the three-exam limitation imposed by the FMLA by sending Plaintiff to see Dr. Saul Forman. *See* 29 C.F.R. § 825.307(c). Plaintiff also cites to the testimony of Jodi Methner, another of Defendant's human resources employees, who essentially acknowledged that lifting restrictions imposed after the second medical exam but before the differing recommendation of the third medical exam violated the FMLA. *See* 29 C.F.R. § 825.307(a)(2).

Defendant responds that an issue of fact remains as to whether the referral to Pratt-Schaefer was a medical exam under the FMLA, or simply a referral under an employee assistance program ("EAP"). Defendant further argues that the regulation requiring provisional benefits is contrary to the statute and, so, unenforceable. Additionally, Defendant contends that Plaintiff has not demonstrated that she suffered any harm for loss of any FMLA benefits at that juncture.

Plaintiff's arguments justify neither judgment as a matter of law, nor a new trial. Regarding whether Defendant required Plaintiff to submit to one too many medical examinations, Fielbrandt also testified that Plaintiff was sent to Pratt-Schaefer through Defendant's EAP. More specifically,

he testified that Defendant's personnel sought to intervene when Plaintiff reported suicidal ideations. Within days of employees reporting her discussion of these symptoms, she was referred to the EAP and then to Pratt-Schaefer. At a minimum, an issue of fact existed about whether Defendant had Plaintiff visit Pratt-Schaefer for an evaluation under the FMLA or to attempt to avert an irreversible event. Also, Methner testified that her internal notes referring to the Pratt-Schaefer visit as an independent medical exam were a mistake. More significantly, the jury did not conclude that Defendant violated the FMLA when it sent Plaintiff to Pratt-Schaefer.

Given the jury's conclusion that the Pratt-Schaefer evaluation did not constitute an evaluation under the FMLA, Defendant had an obligation under 29 C.F.R. § 825.307(a)(2) to provide Plaintiff provisional benefits based on Dr. Barry Binkley's evaluation. He imposed restrictions that she not work overtime, on-call, or weekends, although he allowed that she be granted the option to do additional work at her discretion. After Defendant received a report from Dr. Jarrett Schroeder, who provided a second medical examination, Methner advised Plaintiff that she would be required to participate in the rotation of weekend and on-call assignments, effective June 20, 2005. Only upon receipt of Dr. Forman's third opinion, as of either August 25 or 29, 2005, could Defendant have disregarded the restrictions imposed by Dr. Binkley.

Plaintiff, however, identifies no record evidence to demonstrate what injury, if any, she suffered from this lack of compliance. The evidence provided no basis for concluding that Plaintiff, in fact, worked a weekend or on-call during that time period. Even if she cited to such evidence, she would also need to demonstrate that any such work did not occur as a result of her exercising her discretion to do so, an option preserved for her by Dr. Binkley's recommendations. Although the FMLA does not have an intent element, "the FMLA is not a strict liability statute." *Edgar v. JAC*

*Products*, 443 F.3d 501, 507 (6th Cir. 2006) (citations omitted). "Employees seeking relief under the entitlement theory must therefore establish that the employer's violation caused them harm." *Id*. at 508 (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)). Even if the lifting of restrictions imposed by the first medical opinion prior to Defendant's receipt of the third medical opinion constitutes a violation of the FMLA, Plaintiff has not demonstrated what harm she suffered.

Consequently, neither the facts based on the evidence at trial nor the law dictate a favorable finding for Plaintiff regarding a fourth certification from a medical provider or a failure to provide Plaintiff provisional benefits. Accordingly, the Court will not grant Plaintiff judgment as a matter of law or, as she requests in the alternative, a new trial.

In addition to Plaintiff's renewed motion for judgment as a matter of law, several other motions remain pending. This results from the uncustomary practice of filing multiple motions during trial but filing no dispositive motions, no motions during discovery, and no motions whatsoever prior to trial. The remaining motions include Plaintiff's first motion for judgment as a matter of law, her second motion for judgment as a matter of law, her motion for a mistrial, and Defendant's motion for judgment as a matter of law. Plaintiff's motions uniformly strain the requirement of E.D. Mich. LR 7.1(c) that motions be accompanied by a brief, in that her supporting "briefs" confine themselves to three sentences. While some of the issues identified in these motions received a measure of attention on the record, the Court will now resolve them on the basis of the following brief analysis.

In her first motion for judgment as a matter of law, Plaintiff requests that the Court order her reinstatement as a hospice nurse on the basis of the letter of March 3, 2008. In that letter, Defendant

offered to reinstate Plaintiff, and she testified that she accepted. Defendant, however, offered testimony that she never accepted the offer. Defendant also presented testimony that it never withdrew the offer, because the offer, by its terms, expired on March 10, 2008.

At a minimum, the parties offer competing versions of the facts surrounding the offer, its terms, and whether Plaintiff accepted it. Given those issues of fact, a reasonable juror could find contrary to Plaintiff. More importantly, her motion rests on a demand for a specific remedy. Yet the remedy of reinstatement is available only upon a finding of liability. *See* 29 U.S.C. § 2617(a)(1)(B) (providing remedies that a court may order upon a finding of liability) *See also Arban v. West Publishing Co.*, 345 F.3d 390, 405-406 (6th Cir. 2003). In light of the fact that the jury found no liability, Plaintiff's request for reinstatement as a matter of law is foreclosed.

In her second motion for judgment as a matter of law, Plaintiff relies on the tension between the assessment of Dr. Forman – that she can work 40 hours per week – and the conclusion of Philip Espinoza, Defendant's human resources director, that she should be suspended pending termination of employment – because Plaintiff was not mentally or physically capable of performing the functions of her job. According to Plaintiff, Espinoza's letter directly links her request for leave with the decision to suspend her employment. In addition to several other arguments, including its attempt to place her in an alternative position, *see* 29 U.S.C. § 2612(b)(2),[1] Defendant responds by

---

[1] 29 U.S.C. § 2612(b)(2), in relevant part, provides:
> If an employee requests intermittent leave, or leave on a reduced leave schedule . . . that is foreseeable based on planned medical treatment, the employer may require such employee to transfer temporarily to an available alternative position offered by the employer for which the employee is qualified and that –
> (A) has equivalent pay and benefits; and
> (B) better accommodates recurring periods of leave than the regular employment position of the employee.

contending that it acted consistent with Dr. Forman's opinion. Although he permitted her to work 40 hours a week, Defendant asserts that she could not perform the essential function of the job of being on-call.

The Court is persuaded by Defendant's contention that it could comply with Dr. Forman's recommendation but still conclude that Plaintiff could not fulfill the requirements of her position. A reasonable juror could conclude that Espinoza's letter, which the Court admitted into evidence, did not tie the decision to suspend her from employment with a violation of the FMLA. Indeed, that view comports with the jury's finding of no liability.

In her motion for a mistrial, Plaintiff objects to items in Defendant's opening statement. First, she objects that the suggestion that she feigned her condition invites the jury to question the legitimacy of three medical evaluations of Plaintiff. That is, the jury was invited to disregard the law, given that the third medical opinion functions as binding on both employee and employer. *See* 29 C.F.R. § 825.307(c). Second, she objects that Defendant's counsel referred to the comments of a dismissed juror about the difficulty of finding work in this economy. Defendant filed no response.

Federal Rule of Civil Procedure 61 places a high bar on a showing of error sufficient to require a new trial. Plaintiff does not meet it here, in that discussion in a party's opening argument, even if contrary to the law, was corrected in the Court's closing instructions. Reference to an absent juror's comments similarly does not meet this high bar.

In its motion for judgment as a matter of law, Defendant requests that the Court dismiss Plaintiff's claims under the Persons with Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1101 *et seq.*, as inconsistent with her FMLA claims. Citing to Mich. Comp. Laws § 37.1103(d)(i) and 29 U.S.C. § 2612(a)(1)(E), Defendant argues that a PWDCRA claim must be

"unrelated [with or without accommodation] to an individual's ability" to perform a job function; in contrast, an FMLA claim requires a serious medical condition to render a person "unable to perform" her job functions. Plaintiff responds by arguing only facts and not law, citing to the history of accommodations that Defendant provided to her and to Espinoza's letter.

The definition of "serious medical condition" under the FMLA requires that a person be "unable to perform" her job functions. 29 U.S.C. § 2612(a)(1)(E). The definition of "disability" under the PWDCRA requires that the phsycial or mental characteristic that substantially limits a major life activity be "unrelated to the individual's ability to perform the duties of a particular job." Mich. Comp. Laws § 37.1103(d)(i). *See also Kerns v. Dura Mechanical Components, Inc.*, 618 N.W.2d 56, 64 (Mich. Ct. App. 2000) ("An employer's duty to make 'reasonable accommodation' under the [PWDCRA] does not extend to granting the plaintiff a medical leave until such time as he would be able to perform the requirements of his job."). These definitions are mutually exclusive, because the condition a plaintiff suffers cannot both render her unable and able to perform her job duties. Here, the proofs support the conclusion that Plaintiff's condition, without modification of her work schedule, leaves her unable to perform her job duties. Consequently, the Court instructed the jury only on Plaintiff's FMLA claims and not on her claims under the PWDCRA and will now grant Defendant's motion for judgment as a matter of law as to her PWDCRA claims.

Accordingly, it is **ORDERED** that Plaintiff's renewed motion for judgment as a matter of law [dkt #52] is **DENIED**.

It is further **ORDERED** that Plaintiff's first motion for judgment as a matter of law [dkt #19] is **DENIED**.

It is further **ORDERED** that Plaintiff's second motion for judgment as a matter of law [dkt #26] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for a mistrial [dkt #27] is **DENIED**.

It is further **ORDERED** that Defendant's motions for judgment as a matter of law as to Plaintiff's PWDCRA claims [dkt ##28, 35] is **GRANTED** and that Plaintiff's PWDCRA claims are **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS